IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

CIVIL ACTION NO:  4:06-1042

| | |
|---|---|
| CANDICE MICHELLE HARDWICK by and through her Parents and Guardians DARYL LEWIS HARDWICK and PRISCILLA LEA HARDWICK;<br><br>                    Plaintiffs,<br><br>     vs.<br><br>MARTHA HEYWARD in her individual capacity and in her official capacity as Principal of Latta Middle School;<br><br>GEORGE H. LIEBENROOD, JR., in his individual capacity and in his official capacity as Principal of Latta High School, and the<br><br>BOARD OF TRUSTEES OF LATTA SCHOOL DISTRICT (Dillon County No.3),<br><br>                    Defendants. | **PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff CANDICE MICHELLE HARDWICK , with this her First Amended Complaint, by and through her Parents and Guardians DARYL LEWIS HARDWICK and PRISCILLA LEA HARDWICK,  seeking remedies for violation of CANDICE MICHELLE HARDWICK'S heritage and right to free speech.  Defendants, contrary to law and pursuant to facially unconstitutional policies, disciplined Candice based on the content of her expressive behavior when she attempted to express pride in her Southern heritage and ancestry by wearing tee shirts bearing images

–1–

of the Confederate Battle flag. Exhibits A-Z previously filed with the Original complaint are the identical exhibits used in this First Amended Complaint and are incorporated by reference for all purposes.

## NATURE OF THE ACTION

1.        This is a civil action brought pursuant to 42 U.S.C. § 1983 and Motion for Preliminary Injunction filed by plaintiffs Daryl Lewis Hardwick and Priscilla Lea Hardwick as Parents and Guardians of Candice Michelle Hardwick against Martha Heyward and George H. Liebenrood, Jr., in their individual capacities as Principals respectively of the Latta Middle School and Latta High School. Also joined as defendants in this action are Defendant Board of Trustees of Latta School District (Dillon County No. 3) (hereinafter "the Board") who are sued in their official capacities.    The Plaintiffs have brought this action against the defendants because the defendants have, at all times, under color of law, violated the constitutional rights and freedoms of the Plaintiff, Candice Michelle Hardwick.  They have done so by ordering her to partially disrobe and remove from her person items of wearing apparel that display the Confederate Battle Flag (hereinafter referred to at times as "the flag").  Defendants have also ordered her not to come to school wearing such apparel, a directive that further compounds this constitutional violation.  Moreover, they have further violated her rights by disciplining her or threatening to discipline her for refusing to obey their commands to remove,  and not wear, such items of clothing and have even forbidden her and others the right to dissent publicly from the school's decision.  Defendant Board of Trustees have been made aware of these abuses, and despite repeated requests to restore Candice's rights, have since 2004 upheld a policy interpretation of the Latta Middle School and Latta High School dress codes that ban Confederate symbols in the face

–2–

of no discernible disruption. Defendants are sued jointly and severally. Plaintiffs seek damages, declaratory judgment and temporary and permanent injunctive relief to redress Defendants' violation of Candice's rights under the First and Fourteenth Amendments of the United States Constitution, permanent injunctive relief to redress Defendant's violation of Candice's rights under the Ninth and Fourteenth Amendments to the United States Constitution against Defendant Board of Trustees of Latta School District (Dillon County No. 3) only, as well as the recovery of costs and attorney fees pursuant to 42 U.S.C. § 1988.

## PARTIES

2.    The plaintiffs Daryl Lewis Hardwick (hereinafter referred to as "Daryl Hardwick") and Priscilla Lea Hardwick (hereinafter referred to as "Priscilla Hardwick") are the parents of the minor plaintiff Candice Michelle Hardwick (hereinafter referred to as "Candice.").  They are all residents of Dillon County, South Carolina.  Candice is a student in good standing at Latta High School, a public school located in Dillon County. Prior to her attendance at Latta High School, Candice attended Latta Middle School.

3.    Defendant Martha Heyward (hereinafter "Heyward") is the principal of Latta Middle School and responsible for overseeing its operations. Under the Board's Middle School dress code policies in place during the 2002-2003 / 2003-2004 school years the principal had the authority to determine the language or symbols that were "offensive" and that may be banned from Latta Middle School. She is sued in her individual capacity.

4.    Defendant George H. Liebenrood, Jr. (hereinafter "Liebenrood") is the principal of Latta High School and responsible for overseeing its operations. Under the Board's dress code policies and

–3–

the Latta High School Dress Code the principal has the authority to determine the language or symbols that are "offensive" and that may be banned from Latta High School. He is sued in his individual capacity.

5.     Defendant Board of Trustees of Latta School District (Dillon County No. 3) (hereinafter Referred to as "Board of Trustees")  is a political subdivision of the State of South Carolina that is amenable to suit pursuant to South Carolina Code of Laws § 59-17-10.  It has the authority, pursuant to South Carolina Code of Laws § 59-19-10 to control and manage all the schools in the district, including Latta Middle School and Latta High School. It also has the power to formulate, implement and interpret a dress code policy for all students pursuant to § 59-19-90(3) & 110.

## JURISDICTION AND VENUE

6.     This action is brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983, which provides redress to persons who have been deprived of their civil rights under color of state law and pursuant to 28 U.S.C. § 1343 (a) (3), (4) and § 1331, provisions which confer jurisdiction upon this Court to adjudicate violations of the various federal civil rights acts and applicable provisions of the United States Constitution.

7.     The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act,   28 U.S.C. § 2201 and 2202.  Remedies are provided by 42 U.S.C. § 1983.

8.     Venue properly lies in the Florence Division of the United States District Court of the District of South Carolina pursuant to 28 U.S.C. § 1391 since the events that underlie the plaintiffs' claims occurred in that place and because that is where all of the defendants reside and work.

–4–

9.     Plaintiffs also assert that this court has pendent jurisdiction of Plaintiff's state constitutional claims to freedom of speech as guaranteed by Article I, Section 2 of the South Carolina State Constitution.

## FACTS

10.     Candice is a 16 year old beginning Junior of Confederate ancestry at Latta High School, which she has attended since the fall of 2004.  Prior to Latta High School, Candice attended Latta Middle School.

11.     The pertinent and applicable dress code for Latta Middle School during the time Candice attended states:  "Generally student dress is considered appropriate as long as it does not distract others, interfere with the instructional programs, or otherwise cause disruption."  Item number 9 of the dress code (attached and incorporated into this Complaint by reference as Exhibit "A") states: "Students may not wear clothing that displays profane language, drugs, tobacco, or alcohol advertisements, sexual innuendoes or anything else deemed to be offensive."   Nothing in the dress code, given to students or parents, prohibits the wearing of Confederate symbols on student clothing.

12.     The pertinent and applicable dress code for Latta High School for the 2004-2005 and 2005-2006 School years states:  "Latta High School students are to come to school in a neat and clean manner each day.  Dress is casual, but some styles, which may be appropriate outside of school, are clearly inappropriate for school...Students may not wear the following: ...Shirts with obscene/derogatory sayings..." (attached and incorporated into this Complaint by reference respectively as Exhibits "B" and "C").    Nothing in the dress code of either school year, given to students or parents, prohibits the wearing of Confederate symbols on student clothing.

13.    On various occasions prior to April 2003, Candice has worn to school without incident or interference from school officials,  various items of apparel, in good taste and with her parent's approval,  upon which the Confederate Battle Flag was displayed.  She wore these items of clothing as a symbol of respect, veneration and esteem for her Confederate ancestors and their descendants, particularly her grandparents and parents, and also as a personal expression of her Christian religious faith.

14.    Candice has consistently worn such clothing in a non-intrusive and non-disruptive manner.  In doing so she has always respected the ethnic, racial, religious and social backgrounds of other students who do not share her Confederate ancestry and her dedication to the Confederate identity and cause.

15.    Candice has never engaged in any form of ethnic or racial harassment, intimidation or defamation and she has never encouraged any other person to engage in such conduct.

16.    In Early 2003, Defendant Heyward, the principal of Latta Middle School, demanded that Candice remove her "Southern Chicks" tee shirt with a small Confederate Battle Flag displayed thereon (a photo of the shirt is attached and incorporated by reference as Exhibit "D") despite the fact that Candice was doing nothing to disrupt the orderly functioning of the high school and was simply going about her business of attending school and getting her education.

17.    In late January 2004, a Latta Middle School teacher made Candice cover up a "Dixie Angels"  shirt (a photo of the shirt is attached and incorporated by reference as Exhibit "E"), again despite the fact that the shirt was not disruptive or distracting.

18.    In early February 2004,  Heyward removed Candice from class for wearing a "Southern

Girl" tee shirt (a photo of the shirt is attached and incorporated by reference as Exhibit "F") despite the fact that the shirt was not disruptive or distracting.

19.     Sometime in mid February 2004 Candice was sent to the office and made to change her shirt for wearing a tee shirt honoring Black Confederates (a photo of the shirt is attached and incorporated by reference as Exhibit "G"), despite the fact that the shirt was not disruptive or distracting.

20.     Sometime in mid February 2004, Heyward denied Candice the right to wear a protest shirt bearing the United States flag and its long association with slavery (a photo of the shirt is attached and incorporated by reference as Exhibit "H") and could not or would not explain to Daryl and Priscilla Hardwick the material or substantial disruption caused by Candice's shirts,  save to say: "It takes longer for the teachers to calm the classes down when Candice wears the shirts."

21.     In late February 2004, Candice was sent to the office for refusing to change her "Robert E. Lee" tee shirt (an approximation of the picture on the shirt is attached and incorporated by reference as Exhibit "I"), despite the fact that the shirt was educational, historical and not disruptive or distracting.  This was the first time that Candice did not comply with the unconstitutional directives of school officials.  Her Mother was called and upon arrival at the school supported her daughter's stand for free speech. Priscilla Hardwick talked to Dr. John Kirby, the Latta Schools Superintendent, who, after being given the facts, refused to prevent further violation of Candice's rights. Candice was given ISS (in-school suspension) for the rest of the day for refusing to change her shirt and was denied lunch. During ISS Candice drew a picture of Robert E. Lee but was forced by a teacher to dispose of it as "unsuitable."  Candice came home with a stomach ache because she had not been able to eat at school.

–7–

22.     In early March of 2004, Candice and another girl wore a "Girls Rule" tee shirt (a photo of the shirt is attached and incorporated by reference as Exhibit "J"). Candice was taken to the office, written up on the direction of defendant Heyward, and made to partially disrobe and change her shirt. A school administrator threatened Candice with removal from the track team if she wore another Confederate shirt to school and told her "You are only being used by the SCV (Sons of Confederate Veterans) and your parents."

23.     At about the same time as Candice wore the "Girls Rule" tee shirt, a student was made to cover up a protest tee shirt that said: "Official School Policy - Diversity and Tolerance for all Cultures (Except Southerners)" (a photo of the shirt is attached and incorporated by reference as Exhibit "K"), another student was made to cover another "Dixie Outfitters" shirt, and several days later a female student was made to remove a small Confederate necklace.

24.     In the middle of March, 2004, Priscilla Hardwick requested a copy of the School's Student Handbook and a written copy of the "ban on Confederate symbols." Heyward gave Priscilla Hardwick a copy of the new Handbook (Exhibit A), but would not respond to repeated requests for a written copy of the policy banning Confederate flags.

25.     On April 12, 2004, Daryl and Priscilla Hardwick wrote the Latta School Superintendent requesting that he remove any disciplinary actions from Candice's school records, informing him that the school was violating their daughter's rights; that any disruption was caused by Heyward, not by Candice; that Candice was denied the right of dissent; that other students displayed pride in their heritage and/or flagrantly violated the dress code; that Candice viewed the flag as an ancestral and religious symbol; that Candice should be accommodated in her viewing the flag as a venerated symbol

–8–

of her Christian religious faith; and noted the violation of Candice's inalienable right to her heritage and that the school's anti-flag policy unfairly stigmatized her as a racist. The letter concluded with a suggestion for a tolerance seminar to educate students, teachers and educators regarding the meaning of the Confederate Battle flag. Attached was a letter from Black Confederate activist, H.K. Edgerton, who offered to teach a tolerance seminar for the school district (copies of the Hardwick and Edgerton letters are attached and incorporated by reference as Exhibit "L").

26.      Shortly after the Hardwick letter (Exhibit "L") was sent to Dr. Kirby, Candice was screamed at and berated by a school administrator because Candice returned to school after hours wearing a "protest shirt" that said: "Offended by School Censorship of Southern Heritage." Candice was reduced to tears (a photo of the shirt is attached and incorporated by reference as Exhibit "M").

27.      On May 12, 2004, the Hardwicks received a response from Harold Kornblut, Chairman of the Latta School District Board of Trustees. Kornblut's letter was not responsive to the Hardwick's questions and concerns and cited one alleged racial pejorative issued by a white student in a conversation with Liebenrood over the flag (in fact the conversation was completely civil), the alleged controversial nature of the flag and its use by extremist groups, and the segregated Latta Schools of a generation or more ago. Kornblut did not offer the Hardwicks a hearing on the matter (a copy of the letter is attached and incorporated by reference as Exhibit "N").

28.      On November 10, 2004, Daryl and Priscilla Hardwick petitioned Dr. Kornblut to reconsider the Board's ban on Confederate symbols, asking again for the school to show what disruption justified the ban; asked the Board, AGAIN, to specifically consider accommodating Candice's religious beliefs as they pertained to the Confederate Battle flag; and again urged the Board

to consider a tolerance seminar where modern African-American Confederates could dispose of bigoted assumptions about Confederate symbols (a copy of the letter is attached and incorporated by reference as Exhibit "O").

29.     On December 17, 2004, Kornblut responded to the Hardwicks' letter, declining their request for a rehearing.  Kornblut attempted to justify the continued ban by alleging unsubstantiated derogatory remarks and racial slurs made by students and claimed Candice was made aware of the school's expectations through the dress code printed in the student handbooks and "actual notice and warnings" (a copy of the letter is attached and incorporated by reference as Exhibit "P").

30.     In May, 2005, Principal Liebenrood called Candice out of class and made her change a "Daddy's Little Redneck" tee shirt (a photo of the shirt is attached and incorporated by reference as Exhibit "Q"). Candice then put on a "Jesus and the Confederate Battle flag, Banned from our Schools but forever in our hearts" tee shirt (a photo of the shirt is attached and incorporated by reference as Exhibit "R").  Candice produced in succession three (3) other "protest" shirts: "Honorary Member of the FBI (Federal Bigot Institutions) (a photo of the shirt is attached and incorporated by reference as Exhibit "S"),  "Freedom of Speech for All (Except Southerners)" (a photo of the shirt is attached and incorporated by reference as Exhibit "T"), and "Public School Should Educate Not Discriminate Against Southern Heritage" (a photo of the shirt is attached and incorporated by reference as Exhibit "U") but was forbidden to wear any of them even though none displayed the Confederate Battle flag. Liebenrood gave Candice a "Pepsi" shirt to wear. At the time of this incident, Candice's shirt (Exhibit "Q") was causing no apparent disruption.

31.     At the beginning of the current school year, Candice wore a shirt for several days,

–10–

without incident or disruption, depicting the Confederate Monument and flag and the South Carolina State House (a photo of the shirt is attached and incorporated by reference as Exhibit "V"). When the shirt was brought to his attention, Liebenrood took Candice out of class and made her partially disrobe and change shirts. Candice told Liebenrood that she would comply, but that he was " violating her civil and constitutional rights." Liebenrood told Candice: "You haven't learned anything from last year!"

32.    On August 26, 2005, counsel for the Hardwick's requested permission to appear before the Board at its September 13, 2005, meeting to discuss an amicable resolution of the Board's ban on Confederate symbols.  Counsel was informed at the meeting that he would not be allowed to speak. A letter dated September 8 but not received until after counsel had left for South Carolina also informed him of the Board's refusal and suggested he contact the Board's counsel (a copy of the correspondence is attached and incorporated by reference as Exhibit "W" and "W-1").

33.    On February 10, 2006, counsel for Candice and her parents sent a final letter attempting amicably to resolve the free speech, religious accommodation and lack of disruption issues cited in previous letters to the Board.  Counsel attached to this letter  all previous written communications and submissions to School officials. Counsel for the Board responded on February 16, 2006, requesting until the March 14, 2006, regularly scheduled meeting of the Board to attempt amicably to resolve the dispute. Candice's counsel answered on February 23, 2006.  The correspondence is attached and incorporated by reference as Exhibits "X" minus attachments being previous written communications , "X-1" and "X-2").

34.    Counsel for the Board sent a final letter on March 24, 2006, re-urging the Board's previous positions, offering no substantive response to the issues raised by the Hardwicks, finally denies

Candice a religious accommodation while requesting further information on Candice's beliefs AND allows Candice to wear protest shirts without Confederate flags while denying that the Latta School District had ever banned the wearing of protest shirts (a copy of the letter is attached and incorporated by reference as Exhibit "Y") and Plaintiffs' counsel responded (a copy of the letter is attached and incorporated by reference as Exhibit "Z").  This litigation follows, although Candice's religious discrimination claim is being handled administratively pursuant to the Board's finally agreeing to accept submissions from Candice as to the Christian symbolism of the Confederate Battle flag.

35.    Candice has not worn any Confederate flag or protest shirts to school since September 2005.

36.    In all her dealings with school officials over her tee shirts and violation of her rights ongoing since she was in the seventh grade, Candice has been firm in her beliefs that her rights were being violated, polite in manner and speech, and, save for those instances noted, has complied with the requests made of her.  When she has politely refused to comply, it has been with the full support and backing of her parents.

37.    At the time that Candice was ordered to remove the shirts described in paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 26, 30 and 31, the offending symbol in each case was either a Confederate Battle flag (or variation) or a shirt protesting the actions of the School in banning the Confederate Battle flag.  None of the protest shirts contained the Confederate Battle flag and were apparently banned solely for their written content. During the times at Latta Middle and High School described in paragraphs 16 -23, 30-31, there were no events transpiring at either school that showed or even tended to show that the display of Candice's (and others') shirts materially and substantially interfered with the

–12–

appropriate discipline and good order of Latta Middle or High School.  Heyward's and  Liebenrood's

demands that Candice remove said shirts and that she not thereafter  wear items of clothing with the

Confederate Battle flag inscribed thereon was instead the product of avoiding discomfort,

undifferentiated fear and mere apprehension of disturbance on their part,  unsubstantiated by any

objective circumstances showing or tending to show that her apparel was conducive to the breakdown

of peace and good order at the school.

38.      During the period from 2004 to the present, other  students were punished at Latta

Middle and High School for wearing Confederate-themed shirts, protest shirts and jewelry and shirts in

protest of the school's ban on Confederate symbols.

39.     Heyward and  Liebenrood ordered Candice to partially disrobe and change  her shirts

despite the fact that the schools' dress code does not prohibit the wearing of tee shirts and other

wearing apparel upon which messages and emblems can be inscribed and displayed.  Latta Middle

School merely prohibited wearing apparel which "distract(s) others, interfere(s) with instructional

programs, or otherwise cause(s) disruptions, or anything else deemed to be offensive"; while Latta High

School advises its students that: "some styles, which may be appropriate outside of school, are clearly

inappropriate for school." The High School further bans shirts with "obscene/derogatory sayings,"

nothing of which warns Candice and others that Confederate shirts or protest shirts are "inappropriate."

40.      Ms. Heyward and  Mr. Liebenrood ordered Candice to remove her shirts despite the

fact that they and other administrators and teachers at Latta High School have allowed other students to

wear controversial "message" tee shirts and similar items of clothing.  This apparel has frequently been

inscribed with and has displayed sayings and emblems indicative of ethnocentric, political and religious

causes which are offensive to substantial segments of the community of Dillon County, including members of the student body at Latta Middle School.  Nevertheless Ms. Heyward and Mr. Liebenrood has to the knowledge of the plaintiffs never disciplined other students who have worn such apparel to Latta Middle School in the manner that they punished Candice, nor even responded to the Hardwick's own complaints of offensive clothing worn at Latta Middle and High School.

40.1     In the 2005/2006 School year provocative, controversial and banned tee shirts allowed to be worn unpunished on campus included: FUBU (For Us By Us), Baby Phat, Gang tees, "Black Power," Malcolm X, Black Pride Homeland, Gay Pride, "Gay by Nature and Absolutely Fabulous by Choice (including the wearer's lover's name inscribed on the shirt), Jamaican Flag, Bob Marley hats, sexually explicit shirts, illegal drugs and alcohol.

40.2     Other major unpunished dress code violations include numerous male students wearing their pants so low that their underwear is exposed; Plaintiffs concerns over this practice, when brought to Defendants attention has been ignored.

40.3     After the receipt of a letter from Defendant's attorney (see Exhibit "Y") allowing Candice permission to wear dissent tee shirts while denying that dissent shirts had ever been banned, Candice wore a "Jesus and the Confederate Battle flag tee shirt (see Exhibit "R") to school.  Even though there is no discernible Confederate Battle flag displayed on the shirt, Defendant Liebenrood ordered Candice to remove and change the shirt.

40.4     On May 24, 2006 Candice wore a Confederate flag belt buckle to school with a longer shirt covering up the buckle from view.  While in the office a school official asked Candice to place some books on a top shelf.  While Candice was doing so a school official looked up Candice's

shirt and saw the buckle.  Candice was then written up for "defiance."

41.     During the Fall of 2003, Candice learned of the Christian religious significance of the Confederate Battle flag and in addition to its symbolism of her ancestry and heritage, began to see the Confederate Battle flag as a venerated symbol of her Christian religious faith in that the flag contains the Cross of Saint Andrew, Christ's first disciple and also the white "X" symbolizing an early Christian abbreviation for Christ.

41.1     Plaintiffs verily believe that the Confederate Battle flag is a venerated object under South Carolina law.

42.     The Defendants Heyward, Liebenrood and the Board have consistently refused to inform the plaintiffs or their counsel of any specific and objective facts and circumstances present at the school or within its immediate environs that would have justified the actions of defendants Heyward and Liebenrood in demanding that Candice remove items of clothing upon which the flag is displayed or inscribed.

43.     The Defendants  have refused to consider any less restrictive alternatives in dealing with any complications and difficulties that might arise from Plaintiff's display of this emblem other that the outright ban of it within the precincts of the Latta Middle and High school, conduct on their part which constitutes total and complete censorship of a political and social viewpoint solely based upon its content.

44.     The Defendants Board of Trustees, at all times acting under color of law in their official capacities, have consistently through policy, supported, endorsed, upheld and ratified the unconstitutional conduct of defendant's Heyward and  Liebenrood as herein described.

–15–

45.     At all times relevant to this case Defendant's Heyward and Liebenrood were acting, under color of law,  as an agent, servant, and/or employee of Latta Schools within the scope of their employment as Principals.

46.     Defendants Heyward and Liebenrood are aware or should be aware that despite pedagogical concerns, students do not shed their constitutional rights to freedom of speech or expression at the schoolhouse gate.  They further knew, or should have known, that absent a material or substantial disruption to the educational process, Candice is entitled to wear her Confederate flag shirts and to wear protest shirts

47.  All Defendants have acted with conscious and deliberate disregard to the constitutional rights of  Candice.

**COUNT ONE**
**THE VIOLATION OF THE RIGHT TO FREEDOM**
**OF SPEECH AND EXPRESSION**

48.     The matters set forth in paragraphs 10 through 47 of the complaint constitute a flagrant and  continuing  violation  of  the  plaintiff  Candice  Hardwick's  fundamental  First  and  Fourteenth Amendment rights to freedom of speech and expression.

49.      As a direct and proximate cause of their actions, the Defendants, under color of law, have deprived Candice of her First Amendment rights secured to her under the First and  Fourteenth Amendments  of  the  United  States  Constitution,  by  their  banning  Confederate  symbols  without constitutionally  adequate justification or cause.

50.     As a direct result of the Defendants' actions, jointly and severally, in violating the First

–16–

Amendment   rights of Candice, she has suffered damages, including but not limited to the chilling of her constitutional rights, emotional damages, embarrassment, physical pain, stress and/or mental anguish and all other damages directly and or consequentially associated with the deprivation of one's constitutional rights and sincerely held beliefs.

## COUNT TWO
## SOUTH CAROLINA CONSTITUTIONAL CLAIMS

51.     Plaintiff repeats, reiterates, and re-alleges as part of this cause of action each and every allegation contained in Paragraphs 10 through 47 and 48 through 50 with the same force and effect as if fully set forth herein.

52.     In addition to a determination under federal law, Candice specifically pleads that all the allegations, claims and remedies  in Count One of this Complaint be ruled on and tried by a jury pursuant to the South Carolina Constitution.

## COUNT THREE
## THE VIOLATION OF THE RIGHT TO DUE PROCESS OF LAW

53.     Plaintiffs repeat, reiterate, and re-allege as part of their cause of action each and every allegation contained n paragraphs 10 through 47 with the same force and effect as if fully set forth herein.

54.   The actions of the defendants entitle the Plaintiff Candice Michelle Hardwick to a remedy under **42 U.S.C. § 1983** because the defendants, under color of state law, have violated Candice Michelle Hardwick's rights to due process guaranteed under the Fourteenth Amendment to the United States Constitution as applied to the states and their political subdivisions.  The school's dress code

−17−

regulations as enforced by the defendants are vague, overbroad and lack sufficient standards and safeguards to guide the discretion of school officials in enforcing them. The lack of objective criteria for acceptable dress thereby allows school officials' personal predilections to be the principal if not sole factor in their decisions to discipline students for allegedly unacceptable dress-predilections and preferences which may be completely inimical to the fundamental and basic civil rights of every member of the student body.

55.     As a result of the denial of due process inherent in this wholly subjective scheme of regulating student dress the plaintiff Candice Michelle Hardwick has suffered damages, including, but not limited to, the chilling of her constitutional rights, emotional damages, embarrassment, physical pain, stress and/or mental anguish and all other damages directly or consequentially associated with the deprivation of one's basic constitutional rights.

## COUNT FOUR
## THE VIOLATION OF THE RIGHT TO EQUAL PROTECTION OF THE LAW

56.     Plaintiffs repeat, reiterate and re-allege as part of this cause of action each and every allegation contained in paragraphs 10 through 47 with the same force and effect as if fully set forth herein.

57.     The actions of the defendants entitle the plaintiff Candice Michelle Hardwick to a remedy under **42 U.S.C. § 1983** because the defendants, under color of state law, have violated her clearly established right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution as applied to the states and their political subdivisions. The defendants have punished

Candice Michelle Hardwick for wearing clothing displaying Confederate symbols while allowing other students to wear attire with racially and ethnically provocative symbols without interference or censure. The defendant school officials have turned a "blind eye" to other probable violations of the dress code even as they have singled out Candice Michelle Hardwick for harassment and punishment because of her Confederate dress.

58.    As a result of having been discriminated against on account of her mode of dress while other similarly situated students have not been disciplined by the defendant school officials the plaintiff Candice Michelle Hardwick has suffered damages, including, but not limited to, the chilling of her constitutional rights, emotional damages, embarrassment, physical pain, stress and/or mental anguish and all other damages directly or consequentially associated with the deprivation of one's basic constitutional rights.

**COUNT FIVE**
**THE VIOLATION OF THE RESERVED RIGHT TO EXPRESS HERITAGE**

59.    Plaintiffs repeat, reiterate and re-allege as part of this cause of action each and every allegation contained in paragraphs 10 through 47 with the same force and effect as if fully set forth herein.

60.    That Candice is a child of citizens of the United States of America and the State of South Carolina who has an inalienable right, pursuant to the Ninth and Fourteenth Amendment to the United States Constitution to innocently and inoffensively preserve, express and display pride in her Southern and Confederate ancestry and heritage, including display of a venerated ancestral & religious symbol, the Confederate Battle flag - without being forced to check that ancestry and heritage at the

–19–

schoolhouse door.

61.     As a direct and proximate cause of their actions and after notice provided by Plaintiffs, the Defendant Board of Trustees , under color of law have deprived Candice of her reserved Ninth Amendment rights secured to her under the Ninth and Fourteenth Amendments of the United States Constitution, by their banning a venerated ancestral symbol, the Confederate Battler flag, without constitutionally adequate justification or cause.

62.      As a direct result of the Defendant Board of Trustees' actions, in violating the Ninth Amendment   rights of Candice, she has suffered damages, including but not limited to the chilling of her constitutional rights, emotional damages, embarrassment, physical pain, stress and/or mental anguish and all other damages directly and or consequentially associated with the deprivation of one's constitutional rights,  sincerely held beliefs and rights to ancestry, heritage and personhood.


**WHEREFORE**, Plaintiffs pray that this Court will do the following:

1.     Enter a declaration that the Defendants' actions, past and present,  have violated the constitutional rights of Candice Michelle Hardwick vouchsafed to her by applicable provisions of the First and Fourteenth Amendments to the United States Constitution and pertinent parts of the South Carolina Constitution.

2.     Enter a declaration that the Defendant Board of Trustees' actions, past and present,  have violated the constitutional rights of Candice Michelle Hardwick vouchsafed to her by applicable provisions of the Ninth and Fourteenth Amendments to the United States Constitution.

3.     Enter a preliminary injunction against the Defendant Liebenrood and Defendant Board at

–20–

the earliest possible time prohibiting them from interfering with Candice Michelle Hardwick's First Amendment rights from the day of the order and through the pendency of this cause..

4.    Order the expungement of the schools' disciplinary record of Candice Hardwick because it may indicate that she has violated the schools' rules and regulations by wearing the clothing referenced in this complaint.

5.    Enter judgment against Defendants Heyward and Liebenrood in their individual capacities on counts one through four of this complaint in an amount to be determined at trial, plus punitive damages, attorneys' fees, interest and costs.

6.    Enter judgment against Defendant  Board of Trustees in their official capacities on counts one through five of this complaint in an amount to be determined at trial plus damages, attorneys' fees, interest and costs, or judgment in any combination of individual and official capacity liability as found by the jury or trier of fact and comportable under the law.

7.    Enter a permanent injunction against Defendant Liebenrood and Defendant Board prohibiting them from engaging in future violations of the Plaintiffs' First, Ninth and Fourteenth Amendment Constitutional rights and rights under the South Carolina constitution in the manner described herein.

8.    Award the Plaintiffs such other relief as they may show themselves entitled and that the Court may deem just and equitable.

## VERIFICATION

I have read the foregoing Complaint and hereby certify that the aforementioned pleading is true and

–21–

accurate to the best of my information and belief.  I so swear under the penalties of perjury.

_____
Candice Michelle Hardwick, Plaintiff

_____
Daryl L. Hardwick, Parent and Guardian

_____
Priscilla Lea Hardwick, Parent and Guardian

          This 6th day of July 2006.

                              Respectfully submitted,


                              LAW OFFICES OF LOURIE A.  SALLEY, III
                              101 East Main Street
                              Lexington, SC 29072
                              Telephone: 803- 957-1036
                              Facsimile:  803- 957-8477
                              Email: salleylaw@bellsouth.net



                              By:  __S/  LOURIE A. SALLEY, III_____
                              LOURIE A. SALLEY, III
                              Attorney at Law
                              Federal Admission Number: 4792

                              SOUTHERN LEGAL RESOURCE CENTER, INC.
                              90 Church Street
                              P.O. Box 1235
                              Black Mountain, NC  28711
                              Telephone: 828-669-5189


                         –22–

Facsimile: 829-669-5191
Email: slrc@slrc-csa.org


By: __S/  KIRK DAVID LYONS _____
KIRK DAVID LYONS, Pro Hac Vice
Attorney at Law
Federal Admission Number: 8472

**ATTORNEYS FOR PLAINTIFF**