IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

CIVIL ACTION NO: 4:06-1042-TLW

| | |
|---|---|
| CANDICE MICHELLE HARDWICK, by and through her Parents and Guardians DARLY LEWIS HARDWICK and PRISCILLA LEA HARDWICK,<br><br>Plaintiff,<br><br>vs.<br><br>MARTHA HEYWARD in her individual capacity and her official capacity as Principal of Latta Middle School,<br><br>GEORGE H. LIEBENROOD, JR., in his individual capacity and in his official capacity as Principal of Latta High School, and the<br><br>BOARD OF TRUSTEES OF LATTA SCHOOL DISTRICT (Dillon County No. 3),<br><br>Defendants. | **ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT AND FIRST AMENDED COMPLAINT** |

The Defendants, Martha Heyward, George H. Liebenrood, Jr., and Board of Trustees of Dillon School District Three, the latter Defendant being designated by the Plaintiff as "Board of Trustees of Latta School District (Dillon County No. 3)", by and through their undersigned counsel, without waiving their rights to be heard on Motions filed or to be filed in this action, answer both the Complaint and First Amended Complaint as follows:

FOR A FIRST DEFENSE

The Defendants specifically deny each and every allegation of both the Complaint and First Amended Complaint not hereinafter admitted, qualified, or explained.

FOR A SECOND DEFENSE

Both the Complaint and the First Amended Complaint fail to state a claim against the Defendants upon which relief can be granted and the action should be dismissed pursuant to Rule 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure.

FOR A THIRD DEFENSE

Both the Complaint and the First Amended Complaint are frivolous and fail to state a claim against the Defendants upon which relief can be granted.

FOR A FOURTH DEFENSE

The individual Defendants, Martha Heyward and George H. Liebenrood, Jr., at all times relevant hereto, and during the performance or non-performance of the acts alleged in either the Complaint or in the First Amended Complaint, did not perform any acts, or fail to perform any acts, in bad faith, in a malicious manner, with corrupt motives or with deliberate indifference and, therefore, each is immune from suit.

FOR A FIFTH DEFENSE

At all times relevant to the allegations of either the Complaint or First Amended Complaint, the individual Defendants, Martha Heyward and George H. Liebenrood, Jr., were acting according to, and in compliance with the laws of the State of South Carolina and/or regulations, policies and procedures duly promulgated thereunder and are, therefore, each immune from suit. The individual Defendants, Martha Heyward and George H. Liebenrood, Jr., plead such statutory, regulatory and/or common law authorization as a complete defense and bar to any and all of the Plaintiff's causes of action, as set forth in either said Complaint or First Amended Complaint.

FOR A SIXTH DEFENSE

It is denied that the matters asserted by the Plaintiff in her Complaint or in her First Amended Complaint fall within the purview of 42 U.S.C.§ 1983. It is denied, further, that any constitutionally guaranteed right or rights of the Plaintiff have been violated by the Defendants, or any of them.

FOR A SEVENTH DEFENSE

At all times relevant hereto, the Defendants were engaged in the performance of their respective official duties and at no time violated any clearly established constitutional rights of the Plaintiff which were know, or should have been know, to them and, therefore, the Defendants are entitled to immunity as a matter of law.

FOR AN EIGHTH DEFENSE

At all times relevant to the allegations of either the Complaint or First Amended Complaint, the individual Defendants, Martha Heyward and George H. Liebenrood, Jr., were governmental officials engaged in the performance of their respective official duties, performing discretionary functions and actions which would reasonably have been thought consistent with the rights of the Plaintiff and of which they are alleged to have violated. Therefore, the said individual Defendants are entitled to qualified immunity from suit as a matter of law.

FOR A NINTH DEFENSE

At all times relevant to the allegations of the Complaint and First Amended Complaint, the individual Defendants, Martha Heyward and George H. Liebenrood, Jr., were acting as officers, employees and officials of a subdivision of the State of South Carolina, engaged in the performance of their respective official duties, and each is, therefore, immune from liability and

cannot be sued without an express waiver of sovereign immunity.

FOR A TENTH DEFENSE

With regard to any cause of action contained within the Complaint or First Amended Complaint, including, but not limited to, that portion of the First Amended Complaint designated therein as "Count Two, South Carolina Constitutional Claims", the Defendants, by way of an affirmative defense, plead the provisions of the South Carolina Tort Claims Act, South Carolina Code §§ 15-78-10, *et seq.,* including all of the immunities, limitations and defenses granted or preserved by the Act. Without waiving any of the provisions of said Act, Defendants specifically reference the provisions of §§ 15-78-30(f); 15-78-60(4); 15-78-60(5); 15-78-60(25); 15-78-120, and: 15-78-200.

FOR AN ELEVENTH DEFENSE

The Defendant, Board of Trustees of Dillon School District Three, is not a "person" as said word is defined for the purposes of 42 U.S.C. § 1983 and, accordingly, any cause of action founded upon 42 U.S.C.§ 1983 against it must be dismissed.

FOR A TWELFTH DEFENSE

As to monetary damages sought under 42 U.S.C. § 1983, and attorneys fees sought under 42 U.S.C. § 1988, against the individual Defendants in their official capacities or against the Defendant, Board of Trustees of Latta School District, this Court is without jurisdiction pursuant to the mandates of the Eleventh Amendment to the Constitution of the United States of America. Accordingly, as to said Defendants, Plaintiff's alleged causes of action, designated in her First Amended Complaint as "Count 1", "Count 3", and "Count 4" must be dismissed.

FOR A THIRTEENTH DEFENSE

As to any pendent State cause(s) of action asserted by the Plaintiff in her First Amended Complaint, including the alleged cause of action designated therein as "Count 2", this Court is without jurisdiction pursuant to the mandates of the Eleventh Amendment to the Constitution of the United States of America. Accordingly, said cause(s) of action must be dismissed.

FOR A FOURTEENTH DEFENSE

As to the cause of action of Plaintiff, set forth in her First Amended Complaint as "Count 5", this Court is without jurisdiction pursuant to the mandates of the Eleventh Amendment to the Constitution of the United States of America and said cause of action must be dismissed.

FOR A FOURTEENTH DEFENSE

In order to fully respond to the allegations of both the Complaint and to the First Amended Complaint, the Defendants admit that:

1. At all times relevant to the allegations of the Plaintiff's pleadings, Defendant Martha Heyward was the Principal of Latta Middle School.

2. At all times relevant to the allegations of the Plaintiff's pleadings, Defendant, George H. Liebenrood, Jr., was Principal of Latta High School.

3. Plaintiff, Candice Michelle Hardwick, was a student at either Latta Middle School or Latta High School.

4. Latta Middle School and Latta High School are operated by Dillon School District Number Three, located within Dillon County, State of South Carolina.

5. County school boards and school districts are agents and arms of the State of South Carolina.

6. Plaintiff, while attending Latta Middle School, wore, from time to time, clothing which depicted the alleged "Battle Flag" of the Confederate States of America and, when observed to be doing so by staff, was required to change and was subjected to disciplinary action for violating the school Dress Code. The written Dress Code/Policy speaks for itself.

7. On or about February 21, 2004, Plaintiff, when directed by staff to change similar clothing deemed to be in violation of the school Dress Code, refused to do so, and was subjected to disciplinary action.

8. By letter dated April 12, 2004, Daryl and Priscilla Hardwick wrote to Superintendent John M. Kirby requesting that the disciplinary actions referenced above be reversed and removed from Candice Hardwick's school records. The letter speaks for itself.

9. On April 13, 2004, Daryl and Priscilla Hardwick attended a regularly scheduled meeting of the Board of Trustees of Dillon School District Number Three and were given the opportunity to make their appeal before the full Board. They did so and, after due deliberation, the Board voted to uphold the action taken.

10. By letter dated May 12, 2004, Harold Kornblut, Chairman of the Board of Dillon School District Three, wrote Mr. and Mrs. Hardwick and advised them that the Board upheld the actions of Ms. Heyward. The letter speaks for itself.

11. On or about November 10, 2004, Daryl and Priscilla Hardwick requested that the Board reconsider their upholding of the disciplinary actions of Principals Heyward and Liebenrood taken against Candice Hardwick.

12. Chairman Kornblut responded to the Hardwick's reconsideration request by letter

      dated on or about December 17, 2004. The letter speaks for itself.

13.     In May, 2005, Plaintiff was once again confronted by officials of Latta High School for wearing clothing deemed inappropriate under the aforementioned Dress Code. The wearing of the clothing in question was a pre-planned effort by Plaintiff to test the resolve of the officials to adhere to the applicable Dress Code, as evidenced by the fact that, upon being advised that she could not wear the first item of clothing, Plaintiff immediately produced a series of tee shirts, all of which were deemed inappropriate by Defendant Liebenrood. Plaintiff was required to wear a different shirt and was told that her actions were affecting her class participation. No disciplinary action was taken

14.     Upon the opening of school for the 2005/2006 year, Plaintiff once again wore a tee shirt to school which depicted the same Confederate flag previously found to be in non-compliance with the School Dress Code. She was required to change the shirt. No disciplinary action was taken.

All other allegations of the Complaint and/or First Amended Complaint are either denied outright or denied as written and, accordingly, Defendants demand strict proof thereof.

FOR A FIFTEENTH DEFENSE

Plaintiff has contrived and intentionally caused the incidents that she now claims to be the basis of alleged violation(s) of a perceived constitutionally guaranteed right for reasons, based upon information and belief, that extend far beyond the parameters set forth in the Complaint and Amended Complaint. Plaintiff does not come before this Court with "clean hands" and Defendants assert, as a result thereof, they are entitled to invoke said equitable doctrine as a defense herein.

FOR A SIXTEENTH DEFENSE

Defendants assert that Plaintiff is not entitled to the injunctive relief she appears to seek in both her Complaint and First Amended Complaint, whether such relief be styled "Preliminary" or "Permanent". Defendants stand ready to more fully respond to said allegations.

WHEREFORE, the Defendants, Martha Heyward, George H. Liebenrood, Jr., and the Board of Trustees of Dillon School District Three, having fully responded to the allegations of both the Complaint and Amended Complaint respectfully pray that all relief sought by Plaintiffs be denied, with judgment being entered herein in favor of the Defendants forever dismissing this action with prejudice; with costs and reasonable attorneys fees being assessed against the Plaintiff under the provisions of 42 U.S.C. § 1988, under the applicable Federal Rules of Civil Procedure, and; for such other and further relief as this Honorable Court may deem appropriate.

VINTON D. LIDE AND ASSOCIATES, LLC

s/Vinton D. Lide
Vinton D. Lide
Federal Identification No.: 2683
5179 Sunset Boulevard
Post Office Box 2189
Lexington, South Carolina 29072
Telephone:     (803) 808-1799
Telefax:          (803) 808-1887
dee@lidelaw.com

CHILDS & HALLIGAN, P.A.

s/Vernie L. Williams
Vernie L. Williams
Federal Identification No.:
The Tower at 1301 Gervais,
Suite 900
Columbia, South Carolina 29201

ATTORNEYS FOR DEFENDANTS

July 26, 2006

8