IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

CIVIL ACTION NO: 4:06-1042-TLW

| | | |
|---|---|---|
| CANDICE MICHELLE HARDWICK, by and through her Parents and Guardians DARLY LEWIS HARDWICK and PRISCILLA LEA HARDWICK, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **RESPONSE OF DEFENDANTS TO "PLAINTIFF'S APPLICATION (MOTION) FOR PRELIMINARY INJUNCTION & HEARING"** |
| MARTHA HEYWARD in her individual capacity and her official capacity as Principal of Latta Middle School, | ) ) ) ) | |
| GEORGE H. LIEBENROOD, JR., in his individual capacity and in his official capacity as Principal of Latta High School, and the | ) ) ) ) | |
| BOARD OF TRUSTEES OF LATTA SCHOOL DISTRICT (Dillon County No. 3), | ) ) ) | |
| Defendants. | ) ) | |

The Defendants, Martha Heyward, George H. Liebenrood, Jr. and the Board of Trustees of Dillon School District Three, by way of initial response to that certain document, filed on or about September 15, 2006, and entitled "Plaintiff's Application (Motion) for Preliminary Injunction & Hearing", show the following:

1. Defendants understand said filing to be a Motion seeking a Preliminary Injunction enjoining Defendants from prohibiting Plaintiff, Candice Michelle Hardwick, from wearing attire reflecting the Confederate Battle Flag while attending Latta High School and during the pendency of this action.

2. Although Plaintiff's prayer for relief in the Amended Complaint includes a request

for a Preliminary Injunction to be granted, no such Motion has been filed with this Court until the above described filing of September 15, 2006.

3. Counsel for the Defendants recently informed counsel for the Plaintiffs that the proper way to advise the Court of their desire to seek a Preliminary Injunction would be by the filing of a Motion, as apparently has been done.[1]

4. The last sentence contained in Plaintiffs' filing of September 15, 2006, reads as follows: "That counsel for the Plaintiffs has conferred with counsel for Defendants, who state that they are not opposed to this motion." The sentence is misleading. Counsel for the Defendants advised counsel for Plaintiffs that the proper way to seek injunctive relief was by filing a Motion; counsel for the Defendants did not state that such a Motion would not be opposed.

5. It is the intention of counsel for the Defendants, within the time provided by the Federal Rules of Civil Procedure, to file a response to Plaintiffs' Motion seeking a temporary injunction, and to vigorously oppose the granting of the same.

VINTON D. LIDE AND ASSOCIATES, LLC

s/Vinton D. Lide
Vinton D. Lide
Federal Identification No.: 2683
5179 Sunset Boulevard
Post Office Box 2189
Lexington, South Carolina 29072
Telephone:    (803) 808-1799
Telefax:       (803) 808-1887
dee@lidelaw.com

CHILDS & HALLIGAN, P.A.

s/Vernie L. Williams
Vernie L. Williams
Federal Identification No.:

---

[1] As of the drafting of this Response, Defendants have not been notified by ECF of the filing in question and, instead, have become aware of the same by conducting a Pacer search.

                                                  The Tower at 1301 Gervais,
                                                  Suite 900
                                                  Columbia, South Carolina 29201

                                                  ATTORNEYS FOR DEFENDANTS

September 19, 2006