IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CANDICE MICHELLE HARDWICK, by and, § <br> Through her Parents and Guardians § <br> DARYL LEWIS HARDWICK and § <br> PRISCILLA LEA HARDWICK § <br> § <br> Plaintiffs § <br> . § <br> VS. § <br> § <br> MARTHA HEYWARD in her individual § <br> Capacity and in her official capacity as § <br> of Latta Middle School; § <br> GEORGE H. LIEBENROOD, JR., in his § <br> Individual capacity and in his official capacity § <br> as Principal of Latta High School; and § <br> The Board of Trustees of Latta School District § <br> (Dillon County No. 3) § <br> Defendants § | CIVIL ACTION NO.: 04:06-1042-TLW-TER |

PROTECTIVE ORDER

This cause came before the court on the parties' Joint Motion for a Protective Order concerning the confidentiality, use and disclosure of information that may be obtained through, affidavit, discovery and or courtroom testimony and which identifies students who are not parties to this action. The court has been advised that counsel for the parties have discussed the joint motion and the production and confidentiality of records and that the parties counsel are in agreement. The court is therefore of the opinion that the motion is due to be GRANTED.

It is therefore ORDERED as follows:

1. To the extent that discovery requests propounded to the parties would require the disclosure of information identifying students who are not parties to this litigation, the

     defendants are ORDERED to respond to such requests subject to the provisions of this Order.

2.    All records produced by the defendants that contain identifying information about students shall be marked "Confidential Information" and shall be treated as such by all persons, including, but not limited to, all parties and counsel in this action to whom such information is disclosed pursuant to the terms of this Order.

3.    All information designated as "Confidential Information" shall be used only in connection with this case and may not be disclosed wholly, in part, or in substance to persons not parties to this action except as set forth in this Order.

4.    Information designated as "Confidential Information" pursuant to the terms of this Order may be disclosed only on an as-needed basis for purposes of this action, to trial counsel, employees and professional assistants of counsel, parties, employees of parties, trial witnesses, deponents, expert witnesses, the court, jurors, court reporters, and stenographic employees of court reporters as needed in the course of litigation.

5.    Affidavits, deposition transcripts (or portions thereof), including courtroom testimony, in which the identities of students are disclosed and any records or exhibits concerning students or information designated as "Confidential Information" which are attached to depositions or affidavits, shall be made available to and viewed only by the deponents, trial counsel, employees and professional assistants of counsel, parties, employees of parties, expert witnesses, court reporters and stenographic employees of court reporters as needed in the course of this litigation.

6. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown. The provisions of this Order directing the production of records and the disclosure of information about students in response to discovery relate only to the confidentiality rights and privacy rights of non-party students. This Order shall not be construed as overruling any objections to production or use of such records raised by the parties on other grounds.

7. Within thirty (30) days after final judgment and the conclusion of all appeals, if any, all "Confidential Information" (including all copies) produced in this action shall be returned to the producing party and counsel for the parties shall retrieve from the court such "Confidential Information" as the court in its direction will permit and the same shall be returned to the party that produced it.

DONE and ORDERED this 14th day of December, 2006, in Florence, South Carolina.

                                                      s/ Thomas E. Rogers, III
                                                     Thomas E. Rogers, III
                                                     United States Magistrate Judge