IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CANDICE MICHELLE HARDWICK, ) <br> by and through her Parents and Guardians ) <br> DARYL LEWIS HARDWICK and ) <br> PRISCILLA LEA HARDWICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARTHA HEYWARD in her individual ) <br> capacity and her official capacity as ) <br> Principal of Latta Middle School, ) <br> ) <br> GEORGE H. LIEBENROOD, JR., in his ) <br> individual capacity and his official capacity ) <br> as Principal of Latta High School, and the ) <br> ) <br> BOARD OF TRUSTEES OF LATTA ) <br> SCHOOL DISTRICT ) <br> (Dillon County No. 3), ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 4:06-1042-TLW |

# ORDER

The case is now before the Court for consideration of the defendants' motion for additional findings pursuant to Federal Rule of Civil Procedure Rule 52(b). (Doc. #153). In the motion, the defendants request that this Court make additional findings addressing the defendants' entitlement to the defense of qualified immunity. The defendants request, in the alternative, that this Court amend its prior ruling to state that no such finding is necessary. The plaintiff filed a response to the defendants' motion on October 6, 2009. (Doc. #154).

Federal Rule of Civil Procedure 52(b) provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings–or make additional

findings–and may amend the judgment accordingly." Because Rule 52(b) is a trial rule that is not applicable in a summary judgment proceeding, a court may treat a motion filed under Rule 52(b) as a Rule 59(e) motion to alter or amend in appropriate circumstances. <u>Hurst v. State Farm Mutual Automobile Ins. Co.</u>, 2008 WL 4974786 *2 (W.D. Va. 2008) (citing <u>Orem v. Rephann</u>, 523 F.3d 442, 451 n.2 (4th Cir. 2008) (Shedd, J. concurring)). The Court has examined the motion under the standards governing motions filed pursuant to Rule 52(b) as well as the standards governing motions filed pursuant to Rule 59(e).

This Court entered a comprehensive Order granting the defendants' motion for summary judgment on September 8, 2009. (Doc. #150). In the Order, the Court addressed the substantive grounds raised by both parties, and concluded that it was not necessary to address the defense of qualified immunity. This Court concludes that no ruling is necessary on the defense of qualified immunity, and further notes that no amendment to the original Order granting summary judgment is necessary. For this reason, the defendants' motion for additional findings is denied. (Doc. #153).

**IT IS SO ORDERED**.

    s/ Terry L. Wooten
United States District Judge

November 16, 2009
Florence, South Carolina